UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY DeBARBIERIS**,<br>*Individually and on behalf of all other similarly situated current and former employees*,<br><br>Plaintiff,<br><br>**THE DUNNING MANAGEMENT GROUP – NOLA LLC,** *and* **ROBERT DUNNING, YOSHIE DUNNING,** *Individually*,<br><br>Defendants. | Civ.A.No. 18-7079<br><br>JUDGE<br><br>MAGISTRATE<br><br>FLSA Opt-In Collective Action<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff Joy DeBarbieris, individually, and on behalf of all others similarly situated, files this Complaint against The Dunning Management Group – NOLA, LLC and Robert Dunning and Yoshie Dunning, individually, and aver as follows:

### INTRODUCTION

1.

This lawsuit is brought against The Dunning Management Group – NOLA LLC doing business as Dickie's Barbeque Pit – New Orleans, as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation for Plaintiff and other similarly situated employees who are members of a class as defined herein and currently or previously employed by The Dunning Management Group. Plaintiff also brings claims under state laws.

2.

At all times relevant to this Complaint, Plaintiff performed non-exempt labor duties on behalf of The Dunning Group.

3.

Plaintiff was employed by The Dunning Group from April 5, 2014 to May 15, 2018, and was an Assistant Manager from January 2, 2017 to February 20, 2017 and a General Manager from February 20, 2017 to May 15, 2018.

4.

Other Assistant Managers and General Managers that make up the proposed class currently work for The Dunning Group, or have previously worked for The Dunning Group in the previous three years as Assistant Mangers or General Managers.

5.

Based on the information preliminarily available, and subject to discovery in this cause, The Dunning Group, - NOLA, LLC did not compensate Plaintiff, and those similarly situated employees of The Dunning Group, for all overtime hours worked in excess of forty (40) hours per week during all times relevant to this Complaint.

**PARTIES**

6.

Plaintiff, Joy DeBarbieris, was an employee of Defendant The Dunning Management Group – NOLA, LLC doing business as Dickie's Barbeque Pit – New Orleans, at all times relevant to this Complaint.

7.

Defendant The Dunning Management Group – NOLA, LLC doing business as Dickie's Barbeque Pit – New Orleans, is a Louisiana limited liability company, licensed to do business in Louisiana with a Charter Number 41001007K, and a domicile address of 3610 Rue Nichole, New Orleans, Louisiana 70131 and engaging in business, including interstate commerce, in Harahan,

Metairie, and Gretna, Louisiana.

8.

Individually-named Defendant Robert Dunning is of the age of majority, and upon information and belief domiciled and a resident of the State of Louisiana, and at all relevant times to this Complaint has served as a member, and upon information and belief, the managing-member of The Dunning Management Group, - NOLA, LLC, and is listed with the Louisiana Secretary of State as an officer and registered agent of The Dunning Management Group.

9.

Individually-named Defendant Yoshie Dunning is of the age of majority, and upon information and belief domiciled and a resident of the State of Louisiana, and at all relevant times to this Complaint has served as a member, and upon information and belief, as the second ranking member and manager of The Dunning Management Group, - NOLA, LLC, and is listed with the Louisiana Secretary of State as an officer of The Dunning Management Group.

**JURISDICTION AND VENUE**

10.

The Fair Labor Standards Act authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's, and similarly situated employees, FLSA claims based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.

This Court has supplemental jurisdiction over Plaintiff's state law claims based on 28 U.S.C. § 1367.

12.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because The Dunning Management Group – NOLA, LLC's domicile address is located in this district, the three primary business fronts operated by The Dunning Management Group are located in this district, all parties likely to testify as fact witnesses are located within this district, all damages have occurred in this district, all wages discussed, or lack thereof, were paid in or failed to be paid in this district, The Dunning Group's wage and hour polices and practices, or lack thereof, were established and are administered by Robert Dunning and Yoshie Dunning and The Dunning Group from within this district, The Dunning Group regularly conducts business in this district operating Dickie's Barbeque Pit – New Orleans in Harahan, Metairie, and Gretna, Louisiana. The Dunning Group has, at relevant times to this Complaint, violated and continues to violate the FLSA from within this district. Robert Dunning, as managing member of The Dunning Group, has, and Yoshie Dunning as a member and manager of The Dunning Group, during all relevant times to this Complaint, been responsible for the implementation of The Dunning Group's wage and hour plans, policies and practices and establishing and administering such plans, policies and practice.

## CLASS DESCRIPTION

13.

Plaintiff brings this action on behalf of the following similarly situated persons (collectively herein titled "the class"):

> *All current and former employees who were misclassified as exempt Assistant Managers and General Managers of The Dunning Management Group – NOLA, LLC's Dickie's Barbeque Pit – New Orleans franchised restaurants located in Louisiana who work (or have worked) at such restaurants at any time during the applicable limitation's period covered by this Complaint (i.e. two years for FLSA violations, three years for willful FLSA violations, and up to ten years for unjust*

*enrichment / quantum meruit / breach of contract claims) up to and including the date of final judgment in this matter, and who are a named plaintiff or who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), and supplemental state law claims.*

## ALLEGATIONS

14.

The Dunning Management Group – NOLA, LLC is a franchisee and owns and operates Dickie's Barbeque Pit – New Orleans restaurants in Jefferson Parish, Louisiana.

15.

The primary function of Dickie's Barbeque Pit – New Orleans restaurants is to prepare and sell food and beverage items to customers, primarily barbeque in a "fast-food" setting.

16.

The Dunning Management Group – NOLA, LLC is and/or has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times in this Complaint.

17.

Plaintiff and all other similarly situated persons are current or former employees of The Dunning Management Group – NOLA, LLC.

18.

The Dunning Group employed Plaintiff and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times in Complaint.

19.

Decisions regarding Plaintiff's and other members of the class's compensation and other terms of employment were made by The Dunning Management Group under the direction and control

of Robert Dunning and Yoshie Dunning as officers and managing members of the limited liability company.

20.

The Dunning Management Group, through the direction and control of Robert Dunning and Yoshie Dunning, has the responsibility for determining each employee's classification.

21.

The Dunning Management Group has had a plan, policy and/or practice (scheme) of establishing and administering pay practices for its employees classified as Assistant Managers and General Managers.

22.

At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of The Dunning Management Group as defined by Section 203(e)(1) of the FLSA and, worked for The Dunning Management Group within the territory of the United States within three (3) years preceding the filing of this Complaint.

23.

At all times material to this action, The Dunning Management Group has been an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

24.

At all times material to this action, The Dunning Management Group has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

25.

The Dunning Management Group's restaurants employ individuals classified as Assistant Managers and General Managers whose primary duties are non-managerial in nature and whose principal duties are to prepare and serve food items, clean the restaurant, and accept payments at a point-of-service system to The Dunning Management Group's customers.

26.

Upon information and belief, at all relevant times to this Complaint, and since the opening of its first restaurant in Harahan, Louisiana, The Dunning Management Group paid Plaintiff and other similarly situated employees classified as Assistant Managers and General Managers on a salary basis without consideration to the hours the employee worked during any given workweek.

27.

The Dunning Management Group employs a time keeping system for tracking and reporting employee hours worked at each of its restaurants. General Managers and Assistant Managers were required to use the time keeping system and their hours worked were allegedly recorded by the system.

28.

Upon information and belief, Plaintiff as well as other similarly situated General Managers and Assistant Managers were required to sign a contract committing each of them to working 50-55 hours without receiving additional pay.

29.

Upon information and belief, The Dunning Management Group has failed to fully record the time of Plaintiff and other similarly situated employees classified as General Managers and

Assistant Managers. The Dunning Management Group also failed to keep complete and accurate time sheets and payroll records of Plaintiff and other similarly situated employees classified as General Managers and Assistant Managers.

30.

The Dunning Management Group failed to pay Plaintiff and other similarly situated employees classified as General Managers and Assistant Managers overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations period.

31.

Plaintiff and other similarly situated employees that The Dunning Management Group classified as General Managers and Assistant Managers who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations period, are entitled to receive all such overtime compensation due to them from The Dunning Management Group.

32.

The Dunning Management Group's scheme of not paying Plaintiff and other similarly situated employees classified as General Managers and Assistant Managers overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations period, was a scheme to save payroll costs and payroll taxes for which The Dunning Management Group, Robert Dunning and Yoshie Dunning have enjoyed ill gained profits at the expense of Plaintiff and other similarly situated employees.

33.

The Dunning Management Group knowingly and intentionally caused Plaintiff and other similarly situated employees classified as General Managers and Assistant Managers to work

hours in excess of forty (40) per work week without additional pay or overtime pay, as evidenced by the contract required to be signed by Plaintiff and other similarly situated employees.

34.

At this stage, Plaintiff is unable to state the exact amount owed to her and others, however, Plaintiff believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

35.

In addition to the misclassification of General Managers and Assistant Managers as exempt employees, Plaintiff and other similarly situated employees were routinely required to work "off the clock" during the statutory period.

**COLLECTIVE ACTION ALLEGATIONS**

36.

Plaintiff brings this collective action on behalf of herself and all other persons similarly situated pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), specifically, as follows:

> *All General Managers and Assistant Managers employed by The Dunning Management Group within the six years preceding the filing of this action who were misclassified as exempt employees, and therefore only compensated for 40 hours of work weekly, even though they primarily performed non-exempt duties and regularly worked more than 40 hours in a workweek.*

37.

The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

38.

Defendants have been unjustly enriched as a result of their acceptance of the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class's labor without proper compensation.

39.

Defendants breached their contract with Plaintiff by failing to pay her for all hours worked at the rate for which Plaintiff agreed to work for.

40.

While the exact number of the other members of the class is currently unknown to Plaintiff and, can only be ascertained through applicable discovery, Plaintiff believes there are additional similarly situated individuals currently working, or formerly worked, for The Dunning Management Group for which joinder is inappropriate.

41.

Plaintiff's claims are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for The Dunning Management Group at Dickie's Barbeque restaurants and were subject to the same operational, compensation and timekeeping plans, policies and practices, including the failure of The Dunning Management Group to pay Plaintiff and other employees classified as General Managers and Assistant Managers overtime compensation under the FLSA for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations period.

42.

Common questions of law and fact exist as to the class which predominate over any questions only affecting Plaintiff or other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were misclassified as exempt from the FLSA;

- Whether Plaintiff and other members of the class were expected and/or required to work hours without compensation;

- Whether Defendants permitted Plaintiff and other members of the class to work hours without compensation;

- Whether Defendants failed to pay Plaintiff and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiff and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week;

- The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the class;

- Whether Defendants acted intentionally or with willful disregard in failing to properly classify and properly pay Plaintiff and the other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

43.

Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class.

44.

Plaintiff has no interests adverse to the class and, Plaintiff has retained competent counsel who are experienced in FLSA matters, can manage a class of this nature, and have the financial ability to administer the necessary notices to the class.

45.

The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions.

46.

Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Defendants.

**RECOVERY OF OVERTIME COMPENSATION**

47.

At all relevant times, The Dunning Management Group has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all relevant times to this Complaint.

48.

At all relevant times, The Dunning Management Group employed (and/or continues to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

49.

At all times relevant, The Dunning Management Group had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

50.

At all times relevant, The Dunning Management Group had actual and/or constructive knowledge that Plaintiff and other members of the class were not and should not have been classified as salary exempt employees based on the duties and functions Plaintiff and other members of the class were performing.

51.

At all times relevant, The Dunning Management Group had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

52.

At all times relevant, The Dunning Management Group did <u>not</u> have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

53.

As a result of The Dunning Management Group's willful failure to pay Plaintiff and other

members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

54.

The Dunning Management Group's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55.

Due to The Dunning Management Group's willful FLSA violations and, and its lack of good faith, in its failure to pay Plaintiff and the other members of the class the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations period, they are entitled to recover from The Dunning Management Group compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## ADDITIONAL CAUSES OF ACTION

56.

In addition to the causes of action under the FLSA, Plaintiff, on behalf of herself and others similarly situated bring the following additional causes of action against the Defendants:

    A. Quantum Meruit;

    B. Unjust Enrichment;

    C. Breach of Contract.

## JURY TRIAL DEMAND

57.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

58.

Wherefore, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the class demand judgment, jointly and severally, against Defendants, The Dunning Management Group – NOLA, LLC and Robert Dunning and Yoshie Dunning, as well as to request this Court to grant the following relief against The Dunning Management Group – NOLA, LLC and Robert Dunning and Yoshie Dunning:

A.  An Order designating this action as an opt-in collective action on behalf of the class for claims under the FLSA and Louisiana laws related to unjust enrichment, quantum meruit, and breach of contract, and promptly issuing notice pursuant to 29 U.S.C. §216 for the federal and state claims of the class, apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA and supplemental state law claims as discussed in this Complaint resulting from the same policy or practice of misclassification by filing individual Consents under 29 U.S.C. § 216(b);

B.  An award of compensation for unpaid overtime and minimum wages to Plaintiff and other members of the class;

C.  An award of liquidated damages to Plaintiff and other members of the class;

D.  An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. All applicable statutory and common law damages;

H. A Declaration that Plaintiff and other members of the class were misclassified as exempt and entitled to unpaid overtime damages and other common law or statutory damages to be proven at trial;

I. A Declaration that Defendants have willfully violated the FLSA;

J. A Declaration that Defendants violated Louisiana laws related to unjust enrichment, quantum meruit, and breach of contract;

K. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

L. An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs; and

M. Such other general and specific relief as this Court deems just and proper.

Respectfully submitted,

_____
BRYCE G. MURRAY, TA, (#28968)
JENNY A. ABSHIER (#32984)
**BIG EASY LAW GROUP, LLC**
3939 Veterans Memorial Blvd., Suite 215
Metairie, Louisiana 70002
Telephone: (504) 484-9696
Facsimile: (866) 596-2555
Email: Bryce@brycemurray.com
  Jenny@bigeasybk.com

AND

MICHAEL COLLINS (#29129)
**THE COLLINS LAW FIRM, LLC**
2901 Division Street, Suite 102
Metairie, Louisiana 70002
Telephone: (504) 900-8009
Facsimile: (504) 900-8019
Email: mcollins@collinsattorney.com

*Attorneys for Plaintiff and those opted-in similarly situated employees as representative counsel*